UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WILLIAMS, | No. C-14-0101 EMC (pr) |
| Petitioner, | |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| KAMALA HARRIS, | |
| Respondent. | |

## I. INTRODUCTION

Willie Williams, an inmate at Corcoran State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.

## II. BACKGROUND

The petition and attachments thereto provide the following information: Petitioner was convicted in Alameda County Superior Court of first degree murder with the special circumstance of a murder committed during a robbery. On August 27, 2010, he was sentenced to life in prison without the possibility of parole.

Petitioner appealed. In 2012, the judgment of conviction was affirmed by the California Court of Appeal and the petition for review was denied by the California Supreme Court. He then filed this action.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition attempts to allege at least two claims, and possibly more claims. Whatever the number of claims, they all are deficient for different reasons and require an amended petition.

The first claim in the petition is that Petitioner received ineffective assistance of counsel. This claim is deficient in that Petitioner has not alleged any facts in support of his contention that he received ineffective assistance of counsel. Rule 2(c) of the Rules Governing Section 2254 Cases In The United States District Courts instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." *See also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity). In his amended petition, Petitioner must allege *facts*; that is, he must provide a more detailed explanation of what counsel did wrong and what difference it made. *See generally Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984) (to prevail on a Sixth Amendment ineffectiveness of counsel claim, defendant must establish (1) that counsel's performance was deficient and fell below an "objective standard of reasonableness" under prevailing professional norms, and (2) that defendant was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.")

The second claim in the petition alleges that the trial court erred in failing to sua sponte instruct the jury on imperfect defense of others. The problem with this claim is that Petitioner has not alleged the violation of his rights under the Constitution, laws or treaties of the United States. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (emphasis in

original). Federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See id.* In his amended petition, Petitioner must allege the federal constitutional right (or right under a treaty or federal law) that was violated by the failure to instruct on imperfect defense of others.

Finally, it may be that Petitioner wants to present additional claims because he attached to his federal habeas petition the table of contents from his state court appellate brief which mentions three claims of error. This is an unacceptable way to present claims for federal habeas relief because it does not provide enough information for the Court or Respondent. The table of contents does not identify the federal constitutional basis for any of the three claims of error and does not describe the supporting facts for any of those claims. This Court does not have ready access to state court files and therefore requires that a litigant file a copy of any document from state court that the litigant wants this Court to consider. If Petitioner wants the court to consider an argument from his state court appellate brief, he must attach the brief from state court that makes that argument. Whether the claims are presented in Petitioner's own words or by attachment of a portion of a brief from state court, each claim in the amended petition must (1) identify the federal constitutional right (or right under a treaty or federal law) that was violated and (2) describe the facts that show the violation.

The amended petition also must name the warden of the prison in which Petitioner is housed as the respondent. Where a petitioner is in physical custody due to the state action he is challenging, "[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison)." *See* Rules Governing Section 2254 Cases In The United States District Courts, Rule 2(b) advisory committee's note.

## IV. CONCLUSION

For the foregoing reasons, the petition is dismissed with leave to file an amended petition no later than **April 30, 2014**. Petitioner must file an amended petition in which he states every claim for federal habeas relief he wants this Court to consider and states the facts in support of each claim. The amended petition should have this case's caption and case number on the first page and should be clearly marked "Amended Petition." Failure to file the amended petition by the deadline will result in the dismissal of this action.

Petitioner's *in forma pauperis* application is incomplete because he has not yet filed a certified copy of his inmate trust account statement. No later than **May 2, 2014**, Petitioner must file a certified copy of his inmate trust account statement or pay the $5.00 filing fee, or the action may be dismissed.

IT IS SO ORDERED.

Dated: March 21, 2014

_____
EDWARD M. CHEN
United States District Judge