UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE WILLIAMS, JR.,

    Petitioner,

    v.

DAVEY, Warden,

    Respondent.

No. C-14-0101 EMC (pr)

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Petitioner, an inmate at the Corcoran State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court reviewed his petition and dismissed it with leave to amend. Petitioner then filed an amended petition, which is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. BACKGROUND

The petition, amended petition and attachments provide the following information: Petitioner was convicted in Alameda County Superior Court of first degree murder with the special circumstance of a murder committed during a robbery. On August 27, 2010, he was sentenced to life in prison without the possibility of parole. He unsuccessfully appealed his conviction. Petitioner then filed this action.

### III.   DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The amended petition alleges the following claims: (1) Petitioner received ineffective assistance of counsel in that his lawyer did not contact witnesses to ask them about coming in contact with Mr. Campbell, *see* Docket # 10 at 5, and failed to request an instruction on voluntary intoxication as applied to the special circumstance, *see* Docket # 10-1 at 36; (2) the failure to instruct on manslaughter and imperfect defense of others violated Petitioner's Fifth and Fourteenth Amendment rights to due process; (3) the trial court's failure to provide correct instructions on the special circumstance violated Petitioner's Fifth and Fourteenth Amendment due process rights, *see* Docket # 10-1 at 36; (4) the admission of the co-defendant's hearsay statements violated his Sixth and Fourteenth Amendment right to confront witnesses; and (5) Petitioner's right to due process was violated because the evidence was insufficient to support a conviction under the felony murder rule. Liberally construed, the claims are cognizable in a federal habeas action.

Petitioner sent a letter requesting appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. The request for appointment of counsel is DENIED. (Docket # 9.)

## IV. CONCLUSION

For the foregoing reasons,

1.  The amended petition warrants a response.

2.  The Clerk shall serve by mail a copy of this order, the amended petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3.  Respondent must file and serve upon Petitioner, on or before **November 7, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.  If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **December 5, 2014**.

5.  Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6.  Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.

7.  Petitioner's *in forma pauperis* application is GRANTED. (Docket # 2, # 11.)

8.  Petitioner's request for appointment of counsel is DENIED. (Docket # 9.)

IT IS SO ORDERED.

Dated: August 28, 2014

_____
EDWARD M. CHEN
United States District Judge

3