UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WILLIAMS, JR., | No. C-14-0101 EMC (pr) |
| Petitioner, | |
| v. | **ORDER GRANTING MOTION TO DISMISS AND REQUIRING ELECTION BY PETITIONER** |
| DAVEY, Warden, | |
| Respondent. | |

## I. INTRODUCTION

Willie Williams, Jr., a prisoner at Corcoran State Prison, filed this action pursuant to 28 U.S.C. § 2254 to challenge his conviction from the Alameda County Superior Court. Warden Davey has moved to dismiss on the ground that state court remedies have not been exhausted for one of the claims. Mr. Williams has not opposed the motion, and the deadline by which to do so has long passed. For the reasons discussed below, the Court finds that state court remedies were not exhausted for the first claim in the petition and requires Mr. Williams to choose how to deal with this problem.

## II. BACKGROUND

Following a jury trial in Alameda County Superior Court, Mr. Williams was convicted of first degree murder with special circumstances and was sentenced to life in prison without the possibility of parole. He appealed. The California Court of Appeal affirmed the judgment of conviction and the California Supreme Court denied Mr. Williams' petition for review. Mr.

1  Williams also apparently filed unsuccessful habeas petitions in the state superior court, but does not
2  indicate that he filed any habeas petition in the California Supreme Court. *See* Docket # 10 at 4.

### III. DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c).

Mr. Williams' amended federal petition for writ of habeas corpus alleges the following claims: (1) Mr. Williams received ineffective assistance of counsel in that his lawyer did not contact witnesses to ask them about coming in contact with Mr. Campbell, *see* Docket # 10 at 5, and failed to request an instruction on voluntary intoxication as applied to the special circumstance, *see* Docket # 10-1 at 36; (2) the failure to instruct on manslaughter and imperfect defense of others violated Mr. Williams' Fifth and Fourteenth Amendment rights to due process; (3) the trial court's failure to provide correct instructions on the special circumstance violated Mr. Williams' Fifth and Fourteenth Amendment due process rights, *see* Docket # 10-1 at 36; (4) the admission of the co-defendant's hearsay statements violated Mr. Williams' Sixth and Fourteenth Amendment right to confront witnesses; and (5) Mr. Williams' right to due process was violated because the evidence was insufficient to support a conviction under the felony murder rule.

In his motion to dismiss, Warden Davey contends that Claim 1 is unexhausted because Mr. Williams did not present it to the California Supreme Court.[1] Claim 1 is the claim that Mr. Williams received ineffective assistance of counsel in that his lawyer did not contact witnesses to ask them about coming in contact with Mr. Campbell and failed to request an instruction on voluntary

---

[1] Warden Davey also asserts ignorance about a fact alleged in Claim 1. Warden Davey states that he "does not know who 'Sawyer' is, nor which witnesses petitioner believes Sawyer should have contacted." Docket # 13 at 3 n.1. Given the context – Mr. Williams used the word in his description of the facts in support of his ineffective assistance of counsel claim – it is fairly obvious to the Court that the word Warden Davey read as "Sawyer" is in fact "Lawyer." Warden Davey's professed ignorance is doubly perplexing because the Court earlier described Claim 1 as being that Mr. Williams "received ineffective assistance of counsel in that *his lawyer* did not contact witnesses..." Docket # 12 at 2 (emphasis added).

intoxication as applied to the special circumstance. The Court has compared the petition for review filed in the California Supreme Court with the amended federal habeas petition to determine whether all the claims in the latter were included in the former. They were not. Mr. Williams did not present Claim 1 to the California Supreme Court. Claim 1 therefore is unexhausted.

Mr. Williams' federal petition contains both exhausted and unexhausted claims and therefore is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. §2244(d), the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Mr. Williams the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claim before having this Court consider all his claims. Accordingly, instead of an outright dismissal of the action, this Court will allow Mr. Williams to choose whether he wants to –

(1) dismiss the unexhausted Claim 1 and go forward in this action with only the exhausted claims, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claim in the California Supreme Court.

Mr. Williams is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion is granted)

3

1 then must act diligently to file in the California Supreme Court, to obtain a decision from the
2 California Supreme Court on his unexhausted claims, and to return to this Court. And under option
3 (3), this action stalls: this Court will do nothing further to resolve the case while Mr. Williams is
4 diligently seeking relief in state court.

5 In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed
6 habeas petitions.[2] The Court cautioned district courts against being too liberal in allowing a stay
7 because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's
8 objective of encouraging finality by allowing a petitioner to delay the resolution of the federal
9 proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by
10 decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal
11 petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court
12 determines there was good cause for the petitioner's failure to exhaust his claims first in state court,"
13 the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner.
14 *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time
15 limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get
16 back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly v.*
17 *Small*, 315 F.3d at 1071. If Mr. Williams moves for a stay, he must show that he satisfies the *Rhines*
18 criteria or must comply with the *King/Kelly* requirements.

---

[2] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

### IV. CONCLUSION

Warden Davey's motion to dismiss is **GRANTED**. (Docket # 13.)

Mr. Williams must file no later than **June 12, 2015**, a notice in which he states whether he elects to (1) dismiss the unexhausted claim and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the Order Granting Motion To Dismiss And Requiring Election By Petitioner." Mr. Williams would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), no later than **June 12, 2015**, Mr. Williams must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If he wants to file a motion under *King/Kelly* to amend his petition (to delete the unexhausted claims) and to stay this action while he exhausts state court remedies for the unexhausted claims, he may do so no later than **June 12, 2015**. If Mr. Williams does not choose one of the three options or file a motion by the deadline, the Court will dismiss the unexhausted claim and adjudicate the remaining claims.

IT IS SO ORDERED.

Dated: April 30, 2015

_____
EDWARD M. CHEN
United States District Judge

5