UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE WILLIAMS, JR.,

    Petitioner,

v.

DAVEY, Warden,

    Respondent.

No. C-14-0101 EMC (pr)

**ORDER TO STAY PROCEEDINGS**

    Willie Williams, Jr., a prisoner at Corcoran State Prison, filed this action pursuant to 28 U.S.C. § 2254 to challenge his conviction from the Alameda County Superior Court. Warden Davey moved to dismiss on the ground that state court remedies had not been exhausted for one of the claims, and Mr. Williams did not oppose the motion. On April 30, 2015, the Court granted the motion to dismiss because of the failure to exhaust Claim 1, i.e., the claim that Mr. Williams received ineffective assistance of counsel in that his lawyer did not contact witnesses to ask them about coming in contact with Mr. Campbell and failed to request an instruction on voluntary intoxication as applied to the special circumstance. The Court ordered Mr. Williams to choose how to deal with the problem of the unexhausted claim. *See* Docket # 14. Specifically, Mr. Williams was directed to choose whether he wanted to: "(1) dismiss the unexhausted Claim 1 and go forward in this action with only the exhausted claims, or (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claim in the California Supreme Court." *Id.* at 3.

Mr. Williams responded in a confusing manner to the order. In Docket # 15, he indicated an interest in option 2, i.e., a dismissal of the action. Docket # 15 at 2 ("I have no difficulty in trusting option two, I do see difficulties in the court not reappointing counsel").[1] In Docket # 16, however, he indicated he wanted option 3, i.e., a stay so that he could exhaust state court remedies. Docket # 16 at 6 ("As I go through these proceeding I hope the district court give me a stay while I go through the lower proceeding"). In light of the ambiguous responses as to whether Mr. Williams wanted a stay or dismissal of this action (i.e., option 2 or option 3), and the significantly greater risk of losing all chance at federal habeas review if this action is dismissed and he does not file a new federal habeas petition before the expiration of the limitations period, the Court concludes that Mr. Williams' second request (i.e., in Docket # 16) controls. Mr. Williams has requested a stay and elected to proceed under option 3 of the order at Docket # 14 so that he may attempt to exhaust state court remedies for his Claim 1.

The Court **GRANTS** Mr. Williams' request to stay and hold these proceedings in abeyance. (Docket # 16 at 6.) This action is now **STAYED** and the Clerk shall **ADMINISTRATIVELY CLOSE** the action. Nothing further will take place in this action until Mr. Williams exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the Court's stay and proceed with consideration of his petition for writ of habeas corpus. Petitioner must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded. If instead Petitioner prefers option 1, he shall file a statement so stating within 30 days of the date of this order.

IT IS SO ORDERED.

Dated: September 21, 2015

EDWARD M. CHEN
United States District Judge

---

[1] Mr. Williams' comment might be his way of asking for an attorney. The Court will not appoint counsel for Mr. Williams because this action is being stayed and administratively closed. The next step in Mr. Williams' efforts to challenge his state court conviction is to file a new habeas action in state court. The federal court will not appoint counsel to represent a state prisoner in state court.

2