UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WILLIAMS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DAVEY,<br><br>　　　　　Respondent. | Case No. 14-cv-00101-EMC<br><br>**ORDER DISMISSING CLAIM 1 AND SETTING BRIEFING SCHEDULE FOR REMAINING CLAIMS**<br><br>Docket No. 28 |

## I. INTRODUCTION

Willie Williams filed this action pursuant to 28 U.S.C. § 2254 to challenge his 2010 conviction from the Alameda County Superior Court. Respondent now moves to dismiss an ineffective-assistance-of-counsel claim as procedurally defaulted. Mr. Williams opposes the motion. For the reasons discussed below, the Court concludes that the claim is procedurally defaulted and dismisses it. The Court also sets a briefing schedule for Mr. Williams' four remaining claims.

## II. BACKGROUND

Following a jury trial in Alameda County Superior Court in 2010, Mr. Williams was convicted of first degree murder with the special circumstance of a murder committed during a robbery. He was sentenced to life imprisonment without the possibility of parole. *See* Docket No. 13 at 6 (Cal. Ct. App. opinion at 1).

He appealed. On October 1, 2012, the California Court of Appeal affirmed the judgment of conviction. The California Supreme Court denied the petition for review on January 16, 2013.

Mr. Williams filed this federal habeas action on January 8, 2014. On September 21, 2015, the Court stayed the action so that Mr. Williams could exhaust state court remedies as to an

1 unexhausted claim. Docket No. 18.

Mr. Williams thereafter filed several state habeas petitions. On October 29, 2015, he filed a habeas petition in the California Court of Appeal. That court denied the petition a week later with directions to first seek relief in the superior court. *See* Docket No. 28 at 6.

On December 10, 2015, Mr. Williams filed a habeas petition in the Alameda County Superior Court. That petition was denied on February 8, 2016, because the ineffective-assistance-of-counsel claims were untimely and the claims for trial errors should have been brought on appeal. *See* Docket No. 20 at 2-4.

On May 9, 2016, Mr. Williams filed another habeas petition in the Alameda County Superior Court. That petition was denied on June 17, 2016, because it raised the same claims that had been raised in the habeas petition filed on December 10, 2015. *See* Docket No. 29 at 17.

More than two years later, on August 24, 2018, Mr. Williams filed a habeas petition in the California Supreme Court. The California Supreme Court denied the petition on February 27, 2019, in an order that stated, in its entirety: "The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780 [courts will not entertain habeas corpus claims that are untimely])." Docket No. 26 at 3 (brackets in original).

Mr. Williams then returned to federal court, where he moved to lift the stay and filed a second amended petition on March 18, 2019. Docket No. 26. On April 16, 2019, the Court lifted the stay, deemed the second amended petition to be an amendment to the amended petition (so that the two documents are read together, rather than the former superseding the latter), and dismissed certain new ineffective-assistance-of-counsel claims for failure to state a cognizable claim for habeas relief. Docket No. 27. With the dismissal of those new claims, the following five claims remain for adjudication: (1) Mr. Williams received ineffective assistance of counsel in that his lawyer (a) did not contact witnesses to ask them about coming in contact with someone named "Mr. Campbell," *see* Docket No. 10 at 5, and (b) failed to request an instruction on voluntary intoxication as applied to the special circumstance, *see* Docket No. 10-1 at 36; (2) the failure to instruct on manslaughter and imperfect defense of others violated Mr. Williams' Fifth and Fourteenth Amendment rights to due process; (3) the trial court's failure to provide correct

instructions on the special circumstance violated Mr. Williams' Fifth and Fourteenth Amendment rights to due process, *see* Docket # 10-1 at 36; (4) the admission of the codefendant's hearsay statements violated Mr. Williams' Sixth and Fourteenth Amendment rights to confront witnesses; and (5) Mr. Williams' right to due process was violated because the evidence was insufficient to support a conviction under the felony murder rule.

Respondent now moves to dismiss as procedurally defaulted Claim 1, i.e., the claim that Mr. Williams received ineffective assistance of counsel ("IAC") in that his lawyer did not contact witnesses to ask them about coming in contact with Mr. Campbell and failed to request an instruction on voluntary intoxication as applied to the special circumstance. Respondent contends that the California Supreme Court's February 27, 2019, rejection of the petition with a citation to *Robbins* imposed a procedural bar under state law that results in a procedural default here.

### III. DISCUSSION

A federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Id.* at 729-30. A "discretionary state procedural rule can serve as an adequate ground to bar federal habeas review." *Beard v. Kindler*, 558 U.S. 53, 60 (2009). A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision and the application of the state procedural rule does not depend on a consideration of federal law. *Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003). An "adequate" state rule must be "firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Kindler*, 558 U.S. at 60-61). A rule can be "firmly established and regularly followed" even if it is discretionary, and even if the state court may choose to deny a procedurally barred claim on the merits. *See id.* at 316, 319. The state bears the burden of proving the adequacy of a state procedural bar. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003).

3

Here, the only time that Mr. Williams presented his IAC claim to the California Supreme Court was in his habeas petition filed on August 24, 2018. The California Supreme Court denied the petition on February 27, 2019, with a citation to *In re Robbins*, 18 Cal. 4th at 780. A denial without explanation other than a citation to *Robbins,* 18 Cal. 4th at 780, the page on which the California Supreme Court discusses the analytic framework for timeliness determinations, is a denial for untimeliness. *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007). By citing *Robbins*, the California Supreme Court ruled that Mr. Williams' 2018 habeas petition challenging his 2010 conviction was untimely.

The Supreme Court and the Ninth Circuit have determined that a citation to *Robbins* on the basis of untimeliness is an independent and adequate state procedural ground. *See Walker*, 562 U.S. at 321 (holding that California's timeliness rule is adequate); *Bennett*, 322 F.3d at 582-83 (recognizing that California's timeliness rule is independent of federal law). Respondent has sufficiently demonstrated that, as a result of the California Supreme Court's rejection of the habeas petition with a citation to *Robbins*, Mr. Williams' IAC claim is procedurally defaulted.

The California Supreme Court's rejection of Mr. Williams' habeas petition in 2019 as untimely, *see Robbins*, 18 Cal. 4th at 780, imposed a state procedural rule that is independent of federal law and adequate to bar consideration on federal habeas of the IAC claim raised in that petition.

In cases in which the state court decision is based on an independent and adequate state procedural rule, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The "cause" standard requires the petitioner to show that "some objective factor external to the defense" or constitutionally ineffective assistance of counsel impeded his efforts to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). To satisfy the prejudice part of the cause-and-prejudice test, the petitioner must show actual prejudice resulting from the errors of which he complains. *See McCleskey v. Zant*,

4

499 U.S. 467, 494 (1991).[1]

Mr. Williams has not established cause or prejudice, or shown that the failure to consider the IAC claim will result in a fundamental miscarriage of justice. He argues in his opposition: "I went to the Supreme Court, as the Northern District direct me to file those claims and was denied, saying I was late, so the Supreme Court denied me. Everything that the court told me to do I did, its not my folk that the court take there time in responding back to me." Docket No. 29 at 5 (errors in source). This appears to be an effort to urge that court delays caused the untimeliness of his state petition and that amounted to cause for the procedural default. His argument is wholly unpersuasive. The chronology of events recounted in the "Background" section of this order plainly shows that there was no unusual delay in any of the state courts that considered his habeas petition. Mr. Williams' habeas petition filed in the California Court of Appeal was denied in a week; his first habeas petition filed in the Alameda County Superior Court was denied in less than two months; and his second habeas petition filed in the Alameda County Superior Court was denied in less than one month. It cannot reasonably be said a court delay was the cause of his untimely filing in the California Supreme Court. On the other hand, Mr. Williams' delay was quite substantial: he did not file his habeas petition in the California Supreme Court until more than twenty-six months after the Alameda County Superior Court had denied his second habeas petition and more than five years after his conviction had become final upon the conclusion of direct review. Simply put, no unusual delays occurred in the state courts that caused Mr. Williams' untimeliness that the California Supreme Court used as a basis to reject his habeas petition. He has not shown cause and prejudice, or a miscarriage of justice, so as to excuse his procedural default.

The absence or ineffective assistance of state post-conviction counsel generally cannot

---

[1] A federal court also may hear the merits of a procedurally defaulted claim if the failure to hear the claim would constitute a "miscarriage of justice." *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992). In the federal habeas context, the "miscarriage of justice" exception is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. at 496). Mr. Williams does not argue that the miscarriage of justice exception applies to his case.

5

establish cause to excuse a procedural default because there is no constitutional right to counsel in state post-conviction proceedings. *Coleman*, 501 U.S. at 752-54. The absence of counsel or ineffective counsel at an initial state collateral review proceeding may, however, excuse the procedural default of a trial IAC claim but only when the default occurs in the initial state collateral review proceeding. *See Martinez v. Ryan*, 566 U.S. at 1, 13-17 (2012). The *Martinez* rule does not apply here because Mr. Williams' default did not occur in the initial state collateral review proceeding (i.e., the habeas action filed in the California Court of Appeal on October 29, 2015) and instead occurred in the fourth state collateral review proceeding (i.e., the habeas action filed in the California Supreme Court on August 24, 2018). *See Martinez*, 566 U.S. at 16 (Court's holding does not apply "in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."); *id.* at 10 (distinguishing *Coleman* because procedural default in *Coleman* was an untimely appeal from an initial-review collateral proceeding, rather than a procedural default at the initial-review collateral proceeding itself); *see also Coleman*, 501 U.S. at 755. Moreover, *Martinez* involved a procedural default based on the failure to raise the IAC claim in the initial-review collateral proceedings, and Mr. Williams has not identified any case in which *Martinez* has been extended to apply to excuse a procedural default based on untimeliness.

Claim 1, the ineffective-assistance-of-counsel claim, must be dismissed as procedurally defaulted.

A.  No Certificate Of Appealability

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV.  CONCLUSION

For the foregoing reasons,

1.  Respondent's motion to dismiss Claim 1 as procedurally defaulted is **GRANTED**.

1  Docket No. 28. Claim 1 -- i.e., the claim that trial counsel was ineffective by not contacting and questioning certain witnesses and by failing to request an instruction on voluntary intoxication as applied to the special circumstance allegation -- is dismissed from this action.

2. Having dismissed the procedurally defaulted claim from the action, the Court now sets the following briefing schedule on the remaining claims. Respondent must file and serve upon Petitioner, on or before **December 13, 2019,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of any court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he must do so by filing a traverse and serving it on Respondent on or before **January 10, 2020**.

**IT IS SO ORDERED**.

Dated: November 4, 2019

_____
EDWARD M. CHEN
United States District Judge